UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE D.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C24-251-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits.[1] She argues the ALJ harmfully misevaluated her testimony, lay witness statements, and medical opinion evidence. Dkt. 9. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A. Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony about the severity of her symptoms. Tr. 23-25. Absent evidence of malingering, an ALJ can only reject a claimant's testimony about the severity of symptoms from a medically proven impairment by providing specific, clear, and

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

ORDER REVERSING AND REMANDING - 1

convincing reasons which identify the non-credible testimony and explain which evidence undermines it. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (cleaned up).

Plaintiff argues the ALJ erroneously focused on unremarkable physical examination findings – which lacked probative value concerning her pain complaints – and selectively summarizing the objective evidence. Dkt. 9 at 6-7. The Commissioner disagrees and asserts the ALJ properly relied on inconsistencies between Plaintiff's statements and other evidence, including her activities and limited treatment. Dkt. 11 at 3-6.

Plaintiff testified she has long struggled with physical and mental health issues. Tr. 78-92. She described constant pain due to fibromyalgia, particularly in her right foot and intermittently in her arms. Tr. 78-79. Despite some relief from medication, she suffers from intense nightmares and panic attacks. Tr. 85. Her employment history is marked by difficulties; she left her job as a cashier at a sporting goods store twenty years ago due to an inability to stand for extended periods and a lack of necessary breaks. Tr. 85-86. Over the years, her ability to interact with others has deteriorated, and her mental health has worsened since 2017, with notable memory issues. Tr. 86-89. Her work history is also characterized by frequent absences, and she found it challenging to leave her home, even for essential tasks like grocery shopping. Tr. 81, 91. When she did manage to go to the grocery store, she often became flustered, struggling with tasks such as placing items in her cart or paying for purchases. Tr. 91-92. Attempts at specialized treatment for PTSD proved ineffective, Tr. 90, and Plaintiff also reported her father typically drove her to appointments. Tr. 92.

The ALJ rejected Plaintiff's testimony about her inability to stand or sit for prolonged periods due to intermittent back spasms and chronic pain highlighting Plaintiff's limited treatment and benign exam findings, noting Plaintiff was observed with normal gait and tone,

had full strength in all her extremities, could walk without assistance, sit comfortably, get on and off the exam table without difficulty, and manipulate socks and shoes without issue. Tr. 23-24 (citing Tr. 885-86, 891, 1293-99, 1351-55, 1357, 1362 ). The fact some findings in the record were normal does not prove Plaintiff's chronic pain is not as severe or debilitating as she claims. The ALJ has a duty to explain why findings in the record undercut a claimant's testimony. *See Levin v. Schweiker*, 654 F.2d 631, 634-35, esp. 634 n. 7 (9th Cir. 1981) (ALJ must make "full and detailed findings of fact" supporting ultimate determination of disability); *see also Beneke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred by requiring objective evidence of fatigue caused, in part, by fibromyalgia, "sheer disbelief is no substitute for substantial evidence."). Here, the findings the ALJ focused on above are not mutually exclusive of Plaintiff's pain complaints and thus insufficient grounds to discount her testimony about pain.

      Moreover, as Plaintiff highlights, Dkt. 9 at 4-6, the treatment notes the ALJ cited report Plaintiff was unable to toe walk, heel walk, or tandem walk, and her feet and arms were swollen and tender to touch. Tr. 1297-98. Similarly, the "relatively benign exam findings" the ALJ referenced were unrelated to issues concerning Plaintiff's foot and arm pain and did not evaluate her musculoskeletal system. Tr. 1351-57, 1362-65. Occasional observations of normal gait, strength, and range of motion observed during a brief treatment visit do not address Plaintiff's allegations of significant limitations standing and sitting for prolonged periods. *See Loretta S. v. Comm'r of Soc. Sec. Admin.*, 2020 WL 4559817, at *4 (D. Or. Aug. 7, 2020) (finding ALJ erred by relying, in part, on treatment notes indicating "no apparent distress" to discount plaintiff's fatigue); *see also Sara O. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4077781, at *2 (W.D. Wash. Sept. 8, 2021) (finding ALJ erred, in part, by relying on normal presentation, strength, and range of motion to discount plaintiff's fatigue).

ORDER REVERSING AND REMANDING - 3

        The ALJ also discounted Plaintiff's testimony on the grounds there was little evidence of treatment for Plaintiff's chronic physical problems. Tr. 24. While an ALJ can discount testimony that is inconsistent with the level of treatment sought, the ALJ's evaluation must consider the nature of the condition being treated. *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). Here, treatment notes show Plaintiff's medical providers reported her treatment options were limited, Tr. 549, 832-33, 913, and she took multiple medications to manage her conditions. Tr. 1295, 1304, 1321-22, 1337-38. Plaintiff also points out that access to medical care during this period was limited because of the COVID-19 pandemic. Dkt. 9 at 7. The ALJ failed to meaningfully consider these factors for Plaintiff's limited course of treatment. Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *9 (The ALJ must consider possible reasons for why a claimant did not seek more treatment before rejecting her testimony). As such, substantial evidence does not support the ALJ's characterization of Plaintiff's treatment history.

        The ALJ also discounted Plaintiff's testimony about panic attacks, citing evidence that she had intact cognitive functioning during mental status exams and could leave home when needed. Tr. 24-25. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where "paraphrasing of record material is not entirely accurate regarding the content or tone of the record."). It is true the ALJ cited some notes reflecting intact cognitive functioning, fair insight, appropriate grooming, and normal mood, behavior, thought content, and judgment, (Tr. at 885-92, 1305, 1318-25, 1331-32, 1339-40, 1364), but such observations must be "read in context of the overall diagnostic picture" the provider draws. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The fact that a person has "occasional symptom-free periods" is

ORDER REVERSING AND REMANDING - 4

not inconsistent with finding that the person is too disabled to function in the workplace. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

Here, the ALJ relied on records showing Plaintiff reported experiencing anxiety related to situational stressors; for instance, she described her thinking as fuzzy and being unable to count in stores. Tr. 885-92. In addition, she was routinely observed with symptoms of depression and was moderately depressed most of the time, with treatment notes describing daily panic attacks and frequent nightmares. Tr. 1320, 1326-28, 1331, 1336, 1339-40. Although Plaintiff was occasionally observed with normal mental status findings, this does not undermine her testimony concerning situational triggers and recurring panic attacks. Thus, substantial evidence does not support the ALJ's reasoning.

The ALJ's conclusion Plaintiff could leave home when needed was also unreasonable. Tr. 24-25. The ALJ noted Plaintiff attended a monthly drum circle, but as Plaintiff points out, the evidence paints a different picture. Dkt. 9 at 10-11. In September 2019, she reported going to drum circle once a month, Tr. 448, but she also stated it was difficult to leave her house "even to go to drum circle." Tr. 449. Moreover, medical records confirm Plaintiff has not attended the drum circle since at least November 2019. Tr. 476, 1318, 1335. The ALJ's conclusion that Plaintiff regularly attended a monthly drum circle is thus not supported by substantial evidence.

The ALJ also discounted Plaintiff's testimony noting she watched television, attended therapy, worked on her mental health issues. Tr. 1295. These minimal activities are not clear and convincing reasons for discounting Plaintiff's testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1016-17 (9th Cir. 2014) (claimants should not be penalized for attempting to live a normal life despite their limitations).

Finally, the ALJ rejected Plaintiff's testimony based on her part-time job, which ended sixteen years before her alleged onset date, and the fact that she has never been financially independent. Tr. 25 (Tr. 85-86, 396, 435). Plaintiff's reasons for leaving a job in 2003, or lack of financial independence do not undermine Plaintiff's current disability claim, as they are both unrelated to whether Plaintiff is unable to work as the date of the alleged onset date. *See Garrison*, 759 F.3d at 1017; *Reddick*, 157 F.3d at 722-23. In evaluating whether a claimant meets the disability criteria, the ALJ must evaluate the claimant's ability to work on a sustained basis. The Court finds the ALJ failed to do so in this case.

### B. Harmful Error

"[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ's error is not harmless because the Court cannot "confidently conclude no reasonable ALJ, when fully crediting [Plaintiff's testimony], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Had the ALJ properly evaluated Plaintiff's testimony, the ALJ may have included additional limitations in the RFC, which may have resulted in a different disability determination. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (RFC dependent, in part, on Plaintiff's subjective symptom testimony).

### C. Remaining Issues

Plaintiff argues the ALJ erred in evaluating the lay witness evidence and the medical opinions of Dr. Debbie Kutner, Ph.D., and Dr. Luci Carstens, Ph.D. *See generally* Dkt. 9.

The ALJ's error in discounting Plaintiff's testimony about chronic pain and panic attacks, and the ALJ's findings regarding the lay evidence and medical opinions which endorsed Plaintiff's testimony are intertwined, and thus necessarily requires the ALJ to reassess all

findings related to Plaintiff's other claims. Thus, on remand, the ALJ must address the lay witness evidence and evaluate the supportability and consistency of Dr. Kutner's and Carstens' opinions. 20 C.F.R. §§ 404.1520c, 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, ... and 'explain how [it] considered the supportability and consistency factors' in reaching these findings ...."") (internal citations omitted). Additionally, as the Court remands this case reassess Plaintiff's testimony, the lay witness and medical evidence, the ALJ on remand shall also reassess as appropriate RFC and the step-four and step-five determinations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Plaintiff's testimony, the lay evidence, and the medical opinions from Drs. Kutner and Carsten; develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 12th day of July, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e